UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-21085-CIV-COOKE/GOODMAN

BLANCA PRIETO as personal
representative of the Estate of
Rodolfo Prieto,

      Plaintiff,

v.

TOTAL RENAL CARE, INC.,
a Colorado for profit corporation,
d/b/a DaVita Dialysis Centers and
Florida Renal Care,

      Defendant.
_____/

**OMNIBUS REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTIONS
FOR ENTITLEMENT OF REASONABLE ATTORNEYS' FEES, EXPENSES,
AND OTHERWISE NON-TAXABLE COSTS**

Plaintiff Blanca Prieto ("Prieto" or "Plaintiff"), as personal representative of her

husband's estate, sued Defendant Total Renal Care, Inc., a Colorado for profit

corporation, d/b/a DaVita Dialysis Centers and Florida Renal Care ("Total Renal" or

"Defendant"), for medical negligence. Plaintiff alleged that her husband, Rodolfo Prieto,

received negligent nursing care from a nurse employed by Defendant, and it caused

and/or contributed to his injuries.

After a three-day jury trial before Senior United States District Judge James I.

Cohn, the Court entered an Order Granting Defendant's *ore tenus* Rule 50(a) motion for judgment as a matter of law [ECF No. 129] and entered a final judgment in favor of Defendant [ECF No. 130].

As will be discussed in more detail below, Plaintiff appealed the District Court's ruling and lost. At the conclusion of the appeal, the Eleventh Circuit, on its own motion, transferred to the District Court Total Renal's pending Motion for Appellate Attorneys' Fees [ECF Nos. 163-64].

United States District Judge Marcia G. Cooke referred to the Undersigned for a report and recommendations Defendant's Renewed Motion for Entitlement of Reasonable Attorneys' Fees, Expenses, and Otherwise Non-Taxable Costs [ECF No. 159], Defendant's Modified Motion for Entitlement to Reasonable Attorneys' Fees, Expenses, and Otherwise Non-Taxable Costs [ECF No. 160], and Motion for Appellate Attorneys' Fees [ECF No. 164]. *See* Referral Orders [ECF Nos. 165-67].[1]

For the reasons stated below, the Undersigned **respectfully recommends** that the

---

[1]     Total Renal filed two prior motions for attorneys' fees and non-taxable costs. *See* Motions [ECF Nos. 136; 147]. Judge Cooke initially referred to the Undersigned these two prior motions [ECF No. 148]. However, she later issued an order deferring ruling on the two fees and costs motions while the appeal was pending. *See* Order Staying Case [ECF No. 155]. In any event, Total Renal's first two motions for attorneys' fees [ECF No. 136, 147] are moot because Total Renal has filed a *renewed* motion for attorneys' fees [ECF No. 159] and a *modified* motion for attorneys' fees [ECF No. 160]. This Report and Recommendations thus concerns Total Renal's renewed motion for attorneys' fees [ECF No. 159], modified motion for attorneys' fees [ECF No. 160], and motion for appellate attorneys' fees [ECF No. 164].

District Court **grant in part** and **deny in part** Total Renal's motions, permit Total Renal to file (with the appropriate documentation and in compliance with Local Rule 7.3) a revised motion for attorneys' fees incurred at the trial level, award appellate attorneys' fees of **$20,239.60** (applying a 20% across-the-board reduction), and deny Total Renal's request for non-taxable costs.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2016, Rodolfo Prieto ("Mr. Prieto"), a 76-year-old man, was injured when he fell from a wheelchair while being driven in a medical transportation van from his dialysis appointment at one of Total Renal's dialysis centers back to the Rehabilitation Center where he resided.

On March 21, 2018, Prieto, as the personal representative of Mr. Prieto's estate, filed this lawsuit against Total Renal, alleging a claim for nursing negligence under Florida Statute § 766.102 (Count I) and a claim for healthcare center liability under Florida Statute § 766.106 (Count II). *See* Complaint [ECF No. 1].

Prieto alleged that on January 2, 2016, Total Renal negligently allowed Mr. Prieto to exit its facility by wheelchair when his medical condition (as known by Defendant, and as dictated and established by Defendant, whose principal owner was Mr. Prieto's actual treating nephrologist) required his daily, ongoing and consistent transport to be by way of stretcher due to serious medical limitation/restrictions that made it unsafe for him to be transported in any other manner.

3

Prieto alleged that Total Renal's nursing staff's failure to send Mr. Prieto home on a stretcher was a breach of the prevailing standard of care and the subsequent driving incident that took place during his transport from Total Renal's facility back to his assisted living facility resulted in his injury. Moreover, Plaintiff alleged that the injuries could have occurred due to only Total Renal's failure to ensure that Mr. Prieto was leaving its facility in a secure position via stretcher and therefore, the negligent condition created by Defendant was the legal and proximate cause of Mr. Prieto's injuries.

Total Renal denied all allegations of negligence, causation, and damages and alleged numerous affirmative defenses, including that the entities and individuals responsible for transporting Mr. Prieto from Total Renal's facility, were responsible for an intervening and superseding negligent act not subject to Total Renal's control.

Total Renal made an offer of judgment [ECF No. 136-1] to Prieto which was served on August 31, 2018. *See* Notice of Service [ECF No. 37].  The offer of judgment stated that it was being made pursuant to Federal Rule of Civil Procedure 68, section 768.79 of the Florida Statutes, and Florida Rule of Civil Procedure 1.442. The offer of judgment was for $12,501.00 and remained open for a period of 30 days. Prieto did not accept this offer of judgment.

In a pretrial stipulation, Plaintiff stated that pursuant to Florida's survival statute, Fla. Stat. § 46.021, she was seeking damages for Mr. Prieto's pain and suffering from the date of his injury until the time of his death. [ECF No. 77, p. 2].

The matter proceeded to a jury trial. At the close of Plaintiff's case-in-chief, Defendant moved for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The District Court granted the motion finding that "Plaintiff . . . failed to introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the Defendant's alleged negligence was a substantial factor in causing Rodolfo Prieto's injuries." [ECF No. 129, p. 1]. The District Court entered a final judgment [ECF No. 130] in favor of Total Renal and against Prieto on August 19, 2019.

Subsequently, Total Renal filed a motion for entitlement to reasonable attorneys' fees, expenses, and otherwise non-taxable costs [ECF No. 136] on September 1, 2019 and a more detailed fees and costs motion [ECF No. 147] on October 15, 2019.

In the interim, on September 13, 2019, Plaintiff filed a notice of appeal [ECF No. 137] to the United States Court of Appeals for the Eleventh Circuit, appealing the order granting Defendant's motion for a judgment as a matter of law and the final judgment. The Clerk of the Court for the Eleventh Circuit initially dismissed Plaintiff's appeal for lack of prosecution. [ECF No. 142]. However, on Plaintiff's motion, the Clerk of the Court reinstated Plaintiff's appeal. [ECF No. 144].

The Eleventh Circuit affirmed the District Court's ruling, finding that "[b]ecause Prieto failed to present any evidence that could support a jury's finding that [Total Renal's] alleged negligence in failing to send Mr. Prieto home on a stretcher more likely than not caused his injuries—an essential element of Prieto's medical malpractice claim—

we conclude that the district court did not err in entering judgment as a matter of law in [Total Renal's] favor and affirm." [ECF No. 158, p. 4].

After the conclusion of the appeal, Total Renal filed its Renewed Motion for Entitlement of Reasonable Attorneys' Fees, Expenses, and Otherwise Non-Taxable Costs. [ECF No. 159]. It then filed its Modified Motion for Entitlement of Reasonable Attorneys' Fees, Expenses, and Otherwise Non-Taxable Costs. [ECF No. 160]. Plaintiff filed a response in opposition [ECF No. 161] and Total Renal filed a reply [ECF No. 162].

As will be discussed in more detail below, the Undersigned issued an Order [ECF No. 168] requiring Total Renal to file revised billing records and a declaration by January 7, 2022. To date, Defendant has not complied with the Undersigned's Order.

The Eleventh Circuit entered an Order on its own motion, transferring Total Renal's Motion for Appellate Attorneys' Fees to the District Court to determine both entitlement and reasonableness. [ECF No. 163, p. 1]. The motion for appellate fees is fully briefed.

## II.    ANALYSIS

### A.    The Motions Should Not Be Summarily Denied on the Ground that the Instant Action was Brought by the Personal Representative of an Estate

Prieto raises the same argument in her responses to Defendant's requests for attorneys' fees at the trial level and on appeal. She argues that the instant fees and costs motions "should be summarily denied because, under Florida law, the personal representative of an estate cannot pay the attorneys' fees and costs of a successful

6

Defendant, including [in] wrongful death cases." [ECF No. 161, p. 2]. According to Prieto, Florida "[c]ase law specifically rejects the idea of the opposing party's attorneys' fees and costs being paid from the estate by a personal representative, even if the opposing party is otherwise entitled to attorneys' fees and costs." *Id.* (citing *Johnson v. Schneegold*, 419 So. 2d 684, 685 (Fla. 2d DCA 1982) and *Thompson v. Hodson*, 825 So. 2d 941, 944 (Fla. 1st DCA 2002)).

Plaintiff further notes that the Estate of Rodolfo Prieto has no assets and that even in instances where an estate has assets, "courts cannot compel a personal representative to use those proceeds, which are intended for the beneficiaries, to pay a claim for attorneys' fees and costs of the opposing parties." *Id.* at p. 3 (citing *Thompson*, 825 So. 2d at 951-54). She adds that "the person appointed as the personal representative cannot be compelled by the trial court to pay attorneys' [fees] and costs of the opposing party in her *individual* capacity because said court does not have personal jurisdiction over that person in their *individual* capacity." *Id.* (emphasis added).

Total Renal argues that the case law cited by Prieto is inapplicable because the instant action is a survival action, not a wrongful death action. [ECF No. 163, p. 105].[2] Total Renal does not supply its own countervailing case law.

---

[2]   Because Plaintiff filed essentially the same response in opposition to Defendant's fee request at the trial level and on appeal, Defendant "incorporate[d] by attachment" its reply filed with the Eleventh Circuit. [ECF No. 162, p. 2]. The Undersigned thus cites to the reply filed by Defendant on appeal.

Defendant also disputes Prieto's claim that the estate has no assets. *Id.* at p. 106. Specifically, Defendant notes that Plaintiff settled a claim with another entity stemming from the same incident and the proceeds received from that settlement exceed the fees and costs sought by Defendant in this case. *Id.* According to Total Renal, "[t]hese funds form a part of the estate through which this Defendant can recover its fees and costs, as these monies were not awarded for the benefit of any survivors under a wrongful death action, and so not statutorily protected for the benefit of the decedent's survivors." *Id.*

The Undersigned agrees with Plaintiff that any fees and costs judgment should be entered against Blanca Prieto in her *representative* capacity as the personal representative of the Estate of Rodolfo Prieto and not her individual capacity.[3] This is because Blanca Prieto in her *representative* capacity as the personal representative of the Estate of Rodolfo Prieto is the only plaintiff in this case. The Court cannot enter a judgment against a nonparty. *See Steans v. Combined Ins. Co. of Am.*, 148 F.3d 1266, 1271 (11th Cir. 1998) ("We are confident that a district court cannot enter a judgment purporting to bind nonparties over whom it does not have jurisdiction . . . ."). Blanca Prieto in her individual capacity is not a party to this case.

However, Plaintiff is mistaken when she argues that *Johnson* and *Thompson* provide

---

[3]      It is not clear whether Defendant is disputing this point. Defendant's filings do not specify *who* the fees and costs judgment should be entered against. Nonetheless, because the issue was raised in Plaintiff's response, and out of an abundance of caution, the Undersigned has addressed it in this Report and Recommendations.

grounds for summarily denying the instant motions for fees and costs.

*Johnson* concerned a wrongful death/medical malpractice action brought by the estate of a minor child on behalf of that child's survivors (his parents).  419 So. 2d at 685. After prevailing at trial, the defendants sought to tax costs against the survivors in their individual capacities. The trial court entered a costs judgment against only the personal representative of the estate. One of the defendants appealed. *Id.*

The appellate court affirmed, "find[ing] no statute or rule authorizing recovery of costs by a successful defendant against individuals who are represented by the plaintiff but **who are not actually parties to the litigation**." *Id.* (emphasis added). The court noted that "[c]osts generally are not recoverable against persons who are not parties to an action." *Id.* It acknowledged the inherent unfairness in Florida's wrongful death statute which contained "a provision . . . for the deduction of litigation expenses from awards made to survivors, but . . . [included] no provision authorizing recovery of costs against such survivors by a successful defendant." *Id.* Nonetheless, the appellate court concluded that its hands were tied:

> The appellant's position points out an apparent legislative oversight in the 1972 revision of the wrongful death act. It does seem unfair to deny recovery of costs in this action against the individuals for whom the representative plaintiff brought the action. However, this court cannot judicially extend the statute beyond its perimeter.

*Id.*

*Johnson* stands for the unremarkable proposition that a costs judgment may not be

entered against a nonparty, absent legislative authorization. 419 So. 2d at 685. Notably, in *Johnson*, the trial court *did* award costs against the personal representative of the estate -- an outcome Prieto is seeking to avoid here by arguing that the instant motions should be "summarily denied." [ECF No. 161, p. 2]. Thus, there is nothing in *Johnson* which would compel this Court to "summarily den[y]" the instant fees and costs motions.

*Thompson* was decided by another Florida district court almost twenty years after *Johnson*. *Thompson* was a wrongful death/medical malpractice case. It involved an offer of judgment served by one of the defendants (Dr. Hodson) on the personal representative of an estate. 825 So. 2d at 948. The personal representative did not accept the offer of judgment and the jury returned a verdict for Dr. Hodson. *Id.* at 945. The trial court entered a judgment awarding fees and costs to Dr. Hodson pursuant to Florida's offer of judgment statute, section 768.79, Florida Statutes. *Id.* at 946. Dr. Hodson sought to satisfy this judgment from the settlement proceeds the estate had received from other defendants. *Id.* at 950.

The appellate court determined that "[Dr.] Hodson ha[d] shown an entitlement to fees under section 768.79, Florida Statutes, by serving an offer of judgment on [the plaintiff] and then trying the case to a defense verdict." *Id.* Nonetheless, it held that "the trial court properly denied [Dr.] Hodson's request to compel [the plaintiff] to satisfy the judgment for fees and costs by using monies recovered for the survivors in earlier settlements." *Id.*

Dr. Hodson argued that Florida's offer of judgment statute "mandate[d] payment of his judgment for fees and costs from the settlement proceeds collected by [plaintiff], as personal representative, before distribution of those funds to the survivors" and that it would be inequitable "if the survivors are able to reject a reasonable offer of judgment with impunity." *Id.* at 950-51. The appellate court noted that *Johnson* had identified this "apparent oversight" in the wrongful death statute (that there was a provision for the deduction of litigation expenses from an award to survivors, but no provision for the payment of costs to a successful defendant), however, the Florida Legislature had not remedied it. *Id.* at 951.

The appellate court further determined that it did not matter that the personal representative still held the settlement funds and had not yet apportioned them to the survivors because "[t]he personal representative, as the statutorily-appointed party plaintiff in the wrongful death case, is merely a conduit for the settlement proceeds, and he is duty-bound to apportion the proceeds equitably among the estate and the survivors." *Id.* at 951.

In sum, neither *Johnson* nor *Thompson* compel the Court to summarily deny the instant fees and costs motions. The successful defendants in both cases obtained a costs judgment (*Johnson*) or a fees and costs judgment (*Thompson*) against the personal representative of the estate.

To the extent Total Renal seeks to address its ability to satisfy any forthcoming

judgment of attorneys' fees and costs from settlement proceeds paid by another entity, that issue is not presently before the Court.

At issue before the Court is Defendant's *entitlement* to attorneys' fees, expenses and non-taxable costs and the *reasonableness* of the amounts sought by Defendant. Whether Total Renal will ultimately succeed in its efforts to actually collect on any fees and costs judgment is not an issue the Court needs to decide in ruling on the instant motions.

**B.    Defendant is Entitled to Recover Reasonable Attorneys' Fees at the Trial Level and on Appeal**

Total Renal seeks an award of attorneys' fees and non-taxable costs at the trial level under Florida Statute § 768.79 and Federal Rule of Civil Procedure 68. Total Renal also seeks appellate attorneys' fees pursuant to sections 59.46 and 768.79 of the Florida Statutes, Florida Rule of Civil Procedure 1.442, and Eleventh Circuit Rule 39-2.

Plaintiff's Complaint invokes this Court's diversity jurisdiction. [ECF No. 1, ¶ 1]. The Eleventh Circuit "has deemed § 768.79 to be substantive for *Erie* purposes and, therefore, it is applicable to this case." *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1357 (S.D. Fla. 2010) (citing *McMahan v. Toto*, 311 F.3d 1077 (11th Cir. 2002)).

Section 768.79 states, in pertinent part, that:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25

12

percent less than such offer. . . .

Fla. Stat. § 768.79(1).

Section 768.79(2) further requires that the offer:

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(2).

"Rule 1.442 dictates the service, form, and content of a settlement proposal made pursuant to section 768.79." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597125, at *3 (M.D. Fla. June 4, 2020), report and recommendation adopted sub nom. *Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020). It requires that an offer of judgment be in writing, identify the Florida law under which it is being made and:

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

13

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and

(G) include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516. [4]

Fla. R. Civ. P. 1.442(c)(2) (footnote added).

Here, there is no dispute that Total Renal served Plaintiff with an offer of judgment [ECF Nos. 37; 136-1], which Plaintiff did not accept. Thereafter, the Court granted Defendant's *ore tenus* motion for judgment as a matter of law [ECF No. 129] and entered a final judgment [ECF No. 130] in favor of Defendant and against Plaintiff. Thus, Plaintiff recovered nothing from Defendant in this matter.

Moreover, Plaintiff has not pointed to any deficiencies in the offer of judgment under section 768.79 or Rule 1.442 and has not raised any argument that the offer of

---

[4] The Eleventh Circuit in *Horowitch v. Diamond Aircraft Indus., Inc.* held that subsection (c)(2)(G)'s certificate of service requirement is procedural under *Erie* and is inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 5(d)(1). 645 F.3d 1254, 1258-59 (11th Cir. 2011).

judgment was not made in good faith.[5] *Moody v. Integon Nat'l Ins. Co.*, No. 18-23094-CIV, 2019 WL 4731983, at *2 (S.D. Fla. July 30, 2019) ("Because Plaintiff has not disputed the validity of the Proposal for Settlement, we find that it satisfies the requirements of § 768.79."), report and recommendation adopted, No. 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019); *Williams v. Target Corp.*, No. 3:10-CV-367-J-37JRK, 2012 WL 13098496, at *2, n.4  (M.D. Fla. Jan. 23, 2012) ("The parties do not dispute that Defendant is the prevailing party in this matter, nor do they dispute the validity of Defendant's Proposal for Settlement or Offer of Judgment. Because neither of these issues are in dispute, they are not addressed."), report and recommendation adopted, No. 3:10-CV-367J-37JRK, 2012 WL 13098497 (M.D. Fla. Feb. 7, 2012).

Under section 768.79, "a prevailing party is entitled to recover their attorney's fees going back to the date the offer of judgment was served." *Tiara Condo. Ass'n, Inc. v. Marsh*

---

[5]      The Court may refuse to award fees and costs if the offer was not made in good faith. Fla. Stat. § 768.79(7)(a) ("If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."). "The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer." *McMahan*, 311 F.3d at 1083 (quoting *Schmidt v. Fortner*, 629 So. 2d 1036, 1039 (Fla. 4th DCA 1993)). The burden is on Plaintiff to establish that the offer of judgment was not made in good faith. *Concrete Works & Paving, Inc. v. Great Midwest Ins. Co.*, No. 19-60312-CIV, 2021 WL 4522498, at *1 (S.D. Fla. Jan. 29, 2021). Although Plaintiff has not raised this argument here, the Undersigned notes that there is no record evidence to support a finding that Total Renal's offer of judgment was not made in good faith.

*USA, Inc.*, 697 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010) (citations omitted). Here, Total Renal served its offer of judgment on August 31, 2018 [ECF No. 37] and is seeking attorneys' fees at the trial level from that date to August 2019. *See* Motion [ECF No. 147, p. 7]; Affidavit of Trial Attorney's Fees [ECF No. 160, ¶ 6].

The Undersigned also finds that Defendant is entitled to recover reasonable appellate fees. *See United Auto. Ins. Co. v. Comprehensive Health Ctr.*, 173 So. 3d 1061, 1069 (Fla. 3d DCA 2015) ("It is well settled that '[t]he plain and mandatory terms of the proposal for settlement statute encompass all costs and attorneys' fees incurred leading up to a final judgment,' including fees incurred on appeal.") (quoting *State Farm Fire & Cas. Co. v. Rembrandt Mobile Diagnostics, Inc.*, 93 So.3d 1161, 1162 (Fla. 4th DCA 2012)); *Mama Jo's Inc. v. Sparta Ins. Co.*, No. 1:17-CV-23362-KMM, 2021 WL 2682261, at *1 (S.D. Fla. June 30, 2021) (adopting report and recommendations awarding appellate attorneys' fees under Fla. Stat. § 768.79). Defendant's entitlement to non-taxable costs will be addressed separately.

Having determined that Defendant is entitled to recover reasonable attorneys' fees through the appeal, the Undersigned will now address the reasonableness of the requested fees.

### 1.    Reasonable Attorneys' Fees

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The moving party bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

Although Prieto did not address the reasonableness of the attorneys' fees (or the reasonableness of the costs sought) in her responses in opposition, the Court must still determine whether the requested amount of fees is reasonable. *See United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (noting that "the Court must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed)**.**

### a.    Reasonable Hours Expended

The Court must evaluate the reasonableness of the total hours expended by Defendant's counsel. In doing so, the Court should exclude compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley*, 461 U.S. at 434).

Further, the Court must omit those hours that would be unreasonable to bill a client "irrespective of the skill, reputation, or experience of counsel." *Id.*

The moving party bears the burden of providing the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action.") (citing *A.C.L.U.*, 168 F.3d at 427, 432-33).

The party requesting fees must exercise "billing judgment" and must exclude from its fees motion hours that would be unreasonable to bill a client, and therefore to one's adversary, irrespective of the skill, reputation, or experience of counsel. *Id.* at 1301. For its part, the Court must exercise its own judgment when reviewing a fees motion. *Id.* at 1301-02. In particular, the Court must exclude "excessive, redundant or otherwise unnecessary" hours from its calculation of hours reasonably expended. *Blue Water Marine Services, Inc. v. M/Y Natalita III*, No. 08-20739, 2010 WL 1330265, at *7 (S.D. Fla. Feb. 2, 2010) (quoting *Norman*, 836 F.2d at 1301).

The Undersigned will address Total Renal's request for district court fees and appellate fees separately.

18

i.      **District Court Fees**

Defendant filed a total of four motions seeking attorneys' fees for work performed at the trial level. The first two motions [ECF Nos. 136; 147] have been rendered moot by Defendant's subsequent fees motions [ECF Nos. 159; 160], but are relevant to the discussion here.

In its initial fees motion, Total Renal estimated its attorneys' fees to be $120,246.50. [ECF No. 137, p. 2].[6] Total Renal filed a second, more-detailed motion for attorneys' fees which sought attorneys' fees from August 31, 2018 to August 19, 2019 in the amount of $126,435.00.[7] [ECF No. 147, p. 7]. In its motion, Total Renal included a chart listing eleven timekeepers (one senior partner, three partners, four associates, and three paralegals). *Id.* The chart listed the hourly rates, the number of hours expended, and the total amount of fees sought for each timekeeper. *Id.*

Total Renal included with its motion 60 pages of itemized timesheets [ECF No. 147-2]. Despite Total Renal's statement that it was seeking $126,435.00 in attorneys' fees beginning on August 31, 2018, Total Renal's timesheets include time entries as early as April 2017 and total $180,061.00. [ECF No. 147-2, p. 61]. Additionally, instead of being

---

[6]      Total Renal's initial motion [ECF No. 136] and some of its later motions [ECF Nos. 159; 160] did not comply with Local Rule 7.3.

[7]      The total amount of fees listed at the bottom of the chart is $126,435.00. [ECF No. 147, p. 7]. However, this appears to be a typographical or mathematical error as the individual fees listed on the chart actually total $127,435.50.

limited to the eleven timekeepers included in the motion, the timesheets list two additional timekeepers. *Id.* at pp. 107-08. Even more problematic, the column containing the four-digit code assigned to each timekeeper was omitted from the timesheets filed with the Court such that the Court cannot match any of the time entries to a specific timekeeper, with the exception of the senior partner who has a unique hourly rate of $225.00.

Although Defendant filed four motions for attorneys' fees at the trial level, the only billing records filed with the Court were those attached to its second attorneys' fees motion. [ECF No. 147-2].

Defendant filed a third, renewed fees motion [ECF No. 159] following its success on appeal. The renewed motion estimated the attorneys' fees sought to be approximately $120,246.50. [ECF No. 159, p. 2]. The amount of fees listed by timekeeper, however, totaled $127,435.50. *Id.* at p. 3.

Defendant's fourth fees motion is its modified motion. [ECF No. 160]. Defendant states that "[t]he present Motion modifies . . . . [the prior fees motion, ECF No. 159], clarifying the otherwise non-taxable costs that arose following the issuance of Total Renal's proposal for settlement to the Plaintiff." *Id.* at 2. However, that is not all the modified motion does. It also reduces the amount of fees sought from $127,435.50 to $86,259.50 and in the process reduces the number of timekeepers from eleven to three. *Id.* at pp. 2, 4; *see also* Affidavit of Trial Attorney's Fees [ECF No. 160-2, ¶ 8 ("The total

attorneys' fees from August 31, 2018 through trial is [sic] August of 2019 moved for by Cole, Scott, & Kissane P.A. is $86,259.50.")].

Defendant does not explain why it chose to make this significant, seemingly unprompted reduction (a $41,176.00 reduction) to its requested fees. Moreover, the amount of time sought for one of its three remaining timekeepers (Tullio Iacono) increased from 329.2 hours [ECF No. 159, p. 3] to 335.40 hours [ECF No. 160, p. 4]. Defendant did not submit new or corrected timesheets and did not explain the reason for this 6.2 hour increase in Mr. Iacono's hours.

Due to the numerous deficiencies with Defendant's timesheets [ECF No. 147-2], *see supra*, the Undersigned entered an Order on January 4, 2022 directing Total Renal to file revised billing records and a new declaration by January 7, 2022. [ECF No. 168]. The Order explained that the Undersigned was without sufficient information to determine the reasonableness of Total Renal's fee request at the trial level. *Id.* at pp. 2-3.

The Order identified several problems with the trial level timesheets [ECF No. 147-2] Total Renal filed with the Court. First, although Total Renal has consistently maintained that it is seeking to recover attorneys' fees beginning on August 31, 2018 at the trial level, it submitted billing records which included time entries as early as April 2017. *Id.* at p. 2. Second, Defendant, without explanation, reduced the amount of fees it was seeking to $86,259.50 [ECF No. 160, p. 2] and in the process reduced the number of timekeepers from eleven to three. *Id.* at p. 3. The Order indicated that without revised

timesheets, the Undersigned would not be able to determine which time entries support Total Renal's fee request and which time entries have been withdrawn. *Id.* at 4.

Third, the Order noted that the column identifying the timekeeper was missing from the trial level billing records. *Id.* at p. 4. The Order stated that "it is not possible for the Undersigned to evaluate the reasonableness of the trial level attorney's fees given the state of the trial level billing records" and directed Defendants to submit revised billing records and a supporting declaration. *Id.* at pp. 4-5. To date, Defendant has not made the requisite filings.

Although the deficiencies identified above render Total Renal's timesheets [ECF No. 147-2] woefully inadequate and virtually useless, this does not relieve the Court of its obligation to determine a reasonable fee award. The Eleventh Circuit instructed in *Norman* that "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." 836 F.2d at 1303; *see also Commodores Ent. Corp. v. McClary*, No. 6:14-CV-1335-RBD-GJK, 2021 WL 2403996, at *6 (M.D. Fla. Mar. 9, 2021) ("Without a description of the tasks performed or the timekeepers' qualifications, [movant] fails to present evidence upon which the Court may fairly determine the amount of attorney's fees. This is not a basis to deny the Motion, however.").

In instances where the movant fails to provide sufficient documentation from

which the Court may assess the reasonableness of the requested fees, the Court may deny the fee request without prejudice and with leave for the movant to file a renewed motion that attaches the necessary billing records. *See, e.g., Atl. Cas. Ins. Co. v. Legacy Roofing of FL/Ahead Gen. Contractors & Restoration, LLC*, No. 19-22043-CIV, 2020 WL 6115327, at *3 (S.D. Fla. Oct. 14, 2020) ("Plaintiff's motion is therefore DENIED without prejudice for this additional reason because there are no billing records to allow for any determination on whether the total number of hours spent on the underlying litigation was reasonably expended."); *Island Fund Management, Inc. v. RWS, Inc.*, No. 18-21065-CIV, 2019 WL 1466707, at *7 (S.D. Fla. Feb. 11, 2019) ("Plaintiff may be entitled to attorneys' fees because of Defendants' failure to defend this action but we cannot recommend an appropriate fee award without the necessary documentation to support Plaintiff's contentions. . . . Because it is unclear if the fees Plaintiff accrued were reasonable or not, Plaintiff's request should be DENIED with leave to re-file the necessary billing records and supporting memorandum in conjunction with a properly filed post-judgment motion for attorneys' fees, as per Local Rule 7.3."), report and recommendation adopted, 2019 WL 1468540 (S.D. Fla. Mar. 12, 2019).

In the instant case, there are two outstanding trial level fees motions [ECF No. 159, 160]. The Undersigned **recommends** that Total Renal's renewed fees motion [ECF No. 159] be **denied as moot** because it was superseded by the modified fees motion [ECF No. 160]. The Undersigned further **recommends** that the modified fees motion [ECF No. 160]

be **granted in part as to the issue of entitlement** and **denied in part without prejudice** and with leave to renew to determine a reasonable fee award. Any renewed fees motion should be supported by the appropriate billing records (including a declaration explaining the $41,176.00 reduction) and comply with Local Rule 7.3.

### ii.      Appellate Court Fees

Total Renal seeks to recover $25,299.50 in appellate fees it incurred in light of Plaintiff's appeal of the order granting judgment as a matter of law and the final judgment.  This amount consists of 121.3 hours of attorney time (101.4 hours for Scott A. Cole and 19.90 hours for Tullio E. Iacono) and 9.90 hours of paralegal time (for paralegal Jessica A. Dolbi). [ECF No. 163, p. 18]. In support of this fee request, Total Renal has submitted itemized timesheets and an affidavit from attorney Scott A. Cole. *Id.* at pp. 16-19, 21-47.

The Undersigned has reviewed the documents submitted in support of the requested appellate fees and finds that, for the most part, the hours billed are reasonable and compensable. However, some reductions are warranted to account for duplicative work, unnecessary or unsupported time entries, excessive time spent on a particular task, and work which should have been delegated to a paralegal. A court should exclude from the fees award compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434).

Examples of unnecessary or unsupported work include ten time entries (totaling 5.10 hours) in which Mr. Iacono and Ms. Dolbi billed for work related to preparing quarterly reports. [ECF No. 163, pp. 82-83]. Total Renal provides no explanation for what a quarterly report is, or why this work was necessary to the appeal. Another example of unnecessary or unsupported work is a billing entry on February 12, 2021 wherein Mr. Iacono billed 1.30 hours for reviewing Total Renal's own costs motion in preparation for a hearing. *Id.* at p. 83. Neither the appellate court docket nor the district court docket reflects that Total Renal's costs motion was ever set for a hearing.[8]

The Undersigned also found instances of inefficient billing and a lack of sound billing judgement. Between February 3, 2020 and February 11, 2020, Mr. Cole billed a total of 27 hours for reviewing the record below. *Id.* at pp. 77-78. This is an excessive amount of time given that the sole issue on appeal -- whether the District Court properly granted a Rule 50(a) motion for a judgment as a matter of law -- necessarily limited the relevant portion of the record to the evidence presented by Plaintiff in her case-in-chief. The Undersigned also finds Mr. Cole's 37.40 hours for drafting and revising the answer brief to be excessive, given the discrete issue on appeal. *Id.* at pp. 78-79.

---

[8]    A few of the appellate court billing entries include work performed on motions filed in the District Court. Because the Undersigned has determined that Total Renal is entitled to recover reasonable attorneys' fees at the trial level and on appeal, it is not necessary to relocate these time entries to the district court billing records. However, any revised motion for trial court fees should not include time entries which were already submitted as part of the appellate billing records.

Mr. Cole also billed 1.60 hours for preparing appellee's supplemental appendix. *Id.* at p. 79. This amount of time is excessive. Although the supplemental appendix is 327 pages, it consists of only ten documents. *Id.* Moreover, this task could have easily (and more prudently) been delegated to a paralegal. *See E.E.O.C. v. Enter. Leasing Co.*, No. 8:00CV2012T24EAD, 2003 WL 21659097, at *6 (M.D. Fla. May 16, 2003) (reducing requested fees to account for tasks which should have been delegated to a paralegal or a less-experienced associate).

Other examples of inefficient time entries include Ms. Dolbi billing 1.30 hours on October 2, 2019 for reviewing, analyzing and compiling fees, costs and timekeeper information for use in Total Renal's fees and costs motion and billing 1.10 hours on January 22, 2020 for reviewing the Local Rules to determine the procedure for filing a motion for hearing on fees and costs.  [ECF No. 163, p. 83]. These are excessive amounts of time for the tasks described.

Lastly, the Undersigned found some instances of duplicate time entries. For example, Mr. Cole's timesheets reflect two entries on October 9, 2019 billing 0.20 hours each for reviewing the order reinstating the appeal. *Id.* at p. 75. In addition to being duplicative, the Undersigned finds 0.20 hours to be excessive for reviewing a *pro forma*, one-page order.  Additionally, on January 7, 2020, Mr. Cole has two time entries billing 0.10 hours for reviewing the same correspondence from Plaintiff's counsel concerning the mediation.

Rather than make line-by-line reductions in hours, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Here, the Undersigned finds that a 20 percent across-the-board reduction is appropriate to account for duplicate time entries, unnecessary or unsupported time entries, excessive time spent on a particular task, and work which should have been delegated to a paralegal. *See Celasco v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 19-20818-CIV, 2020 WL 7493079, at *6 (S.D. Fla. Mar. 20, 2020) (reducing requested fees by 20 percent "to account for excessive attorney time spent on certain tasks"), report and recommendation adopted, 2020 WL 7492852 (S.D. Fla. Apr. 7, 2020); *Atl. Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-CV-538-HES-JBT, 2016 WL 3407825, at *1 (M.D. Fla. June 16, 2016) (affirming magistrate judge's recommendation of a 20 percent reduction in the requested fees due to excessive number of hours billed); *Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 8:03-CV-1377-T-17MAP, 2011 WL 4382450, at *10 (M.D. Fla. Aug. 9, 2011) (applying a 20 percent reduction to the requested fees to account for excessive number of timekeepers and excessive amount of time billed), report and recommendation adopted, 2011 WL 4382285 (M.D. Fla. Sept. 20, 2011).

### b.      Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The movant bears the burden of producing

satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974)).

As noted above, Total Renal has withdrawn its request for fees for most of its 11 timekeepers. Its most recent fees motion for work performed at the trial level includes only three timekeepers -- Tullio Iacono (partner), Michael Brand (partner), and Jessica Dolbi (paralegal). [ECF No. 160, p. 4]. Total Renal's appellate fees motion seeks to recover for work performed by Scott A. Cole (partner), Mr. Iacono, and Ms. Dolbi. Therefore, the Court will need to consider the reasonableness of the hourly rates sought for only these four timekeepers: Mr. Iacono, Mr. Brand, Mr. Cole, and Ms. Dolbi.

Mr. Cole has been admitted to the Florida Bar for almost 30 years. [ECF No. 163, p. 63]. Mr. Brand has been a member of the Florida Bar for over 25 years. [ECF No. 160-2, ¶ 3]. Mr. Iacono has been admitted to the Florida bar for almost 25 years. *Id.* at ¶ 2. All three attorneys have been actively practicing law since their admission. Ms. Dolbi is a certified paralegal. *Id.* at ¶ 4.

Total Renal requests $200.00 per hour for work performed by partners and $105.00 per hour for paralegal work. [ECF No. 147, p. 7]. Having considered the evidence submitted and the relevant factors identified by *Norman* and *Johnson*, the Undersigned finds that the requested hourly rates are reasonable. *See, e.g., GBS Inv. Grp. v. United Specialty Ins. Co.*, No. 18-23310-CIV, 2020 WL 5356562, at *6 (S.D. Fla. Aug. 11, 2020) (finding hourly rate of $200.00 to $215.00 for attorney with more than 24 years of experience and paralegal hourly rates of $105.00 to $110.00 to be more than reasonable), report and recommendation adopted, No. 18-23310-CIV, 2020 WL 5355966 (S.D. Fla. Sept. 6, 2020); *Guerra v. Se. Freight Lines, Inc.*, No. 13-22070-CIV, 2014 WL 6751589, at *3 (S.D. Fla. Aug. 8, 2014) (approving hourly rates of $225.00 for attorneys and $100.00 for paralegals and law clerks).

### 2.      Appellate Attorneys' Fees Total

For the reasons explained above, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Total Renal's motion for appellate attorneys' fees and award Total Renal **$20,239.60** in appellate attorneys' fees (applying a 20% across-the-board reduction).

### C.      Non-Taxable Costs

In its most recent request for costs, Defendant seeks to recover $28,259.50 in non-taxable costs for the services of two experts and a trial graphics company. [ECF No. 160, pp. 2-3].

29

Defendant states that its request for non-taxable costs is made pursuant to Federal Rules of Civil Procedure 54 and 68. [ECF Nos. 147, pp. 11-12; 160, p. 2]. Rule 54(d)(1) states, in part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Rule 68 states that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is not accepted, and the offeree later fails to obtain more than the amount that was offered, then the offeree is responsible for the payment of the offeror's post-offer costs. *Id.* at 68(d).

"The amount and nature of costs to be awarded in federal actions is governed by federal law, even in diversity cases such as this one." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597125, at *8 (M.D. Fla. June 4, 2020), report and recommendation adopted sub nom., *Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020). "Federal courts can only tax costs outside of 18 U.S.C. § 1920 where a statute 'explicitly' authorizes it to do so, or a court explicitly declares that the statute creates a substantive right to costs." *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-00595-T-24, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010).

Florida's offer of judgment statute does not provide explicit authorization for the

award of non-taxable costs in federal court. *Id.* ("find[ing] that [movant] can not receive

any costs under Florida Statute § 768.79 beyond those already awarded under § 1920").

> In *Moody v. Integon Nat'l Ins. Co.*, Chief Magistrate Judge Torres explained that:

> Absent explicit statutory authorization, courts are limited to awarding the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.C. 437, 445 (1987). . . . Courts can only tax outside of Section 1920 if a statute "explicitly" authorizes a court to do so or a court explicitly declares that the statute creates a substantive right to costs. *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010). Non-taxable costs are not recoverable under Section 768.79 because the statute does not explicitly authorize courts to award such costs.

No. 18-23094-CIV, 2019 WL 4731983, at *5 (S.D. Fla. July 30, 2019), report and

recommendation adopted, No. 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019).

The Undersigned finds this reasoning persuasive.

The Supreme Court has interpreted Rule 54(d) to include those costs already made

taxable by statute, namely, 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*,

482 U.S. 437, 441–442 (1987); *see also Rosolen v. Home Performance All., Inc.*, No. 2:19-CV-24-

JLB-NPM, 2021 WL 4822561, at *3 (M.D. Fla. Aug. 26, 2021) ("Section 1920 of Title 28 of

the United States Code limits a district court's discretion under Rule 54(d)(1) by listing

costs a court may allow."), report and recommendation adopted, No. 2:19-CV-24-JLB-

NPM, 2021 WL 4399119 (M.D. Fla. Sept. 27, 2021); *King v. CVS Health Corp.*, No. 1:12-CV-

1715-KOB, 2017 WL 6336323, at *10 (N.D. Ala. Dec. 12, 2017) ("Title 28 U.S.C. § 1920

specifies the categories of costs that are taxable under Rule 54(d)(1).").

The costs for services rendered by an expert witness and by a trial graphics

company are not costs taxable under section 1920 and therefore not recoverable under

Rule 54(d). *See Illoominate Media, Inc. v. CAIR Fla., Inc.*, No. 9:19-CV-81179-RAR, 2021 WL

4030008, at *7 (S.D. Fla. Aug. 4, 2021) ("[C]osts not enumerated under 28 U.S.C. § 1920,

such as travel expenses and expert fees, are not allowed, even under Section 768.79.");

*Akanthos Cap. Mgmt., LLC v. CompuCredit Holdings Corp.*, 2 F. Supp. 3d 1306, 1312 (N.D.

Ga. 2014) (addressing costs under section 1920 and "hold[ing] that Defendants are not

entitled to an award for the cost of graphics and technology consulting services").

 Defendant is also not entitled to recover the requested costs under Rule 68. Rule

68 is inapplicable here because Defendant was the party who obtained a judgment in its

favor. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("In sum, if we limit our

analysis to the text of the Rule itself, it is clear that it applies only to offers made by the

defendant and only to judgments obtained by the plaintiff. It therefore is simply

inapplicable to this case because it was the defendant that obtained the judgment.");

*Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *6, n.8 (S.D. Fla. Feb. 1, 2017)

("[I]n this case because it was the Defendant and not the Plaintiff who obtained the final

judgment, the Defendant is not entitled to fees pursuant to Rule 68."), report and

recommendation approved, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017);

*Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-41DAB, 2016 WL 7325546, at *10

(M.D. Fla. Apr. 29, 2016) ("It is well-established that Rule 68 does not apply where the

defendant-offeror has received judgment in its/his favor."), report and recommendation

adopted, 2016 WL 4927639 (M.D. Fla. Sept. 16, 2016); *Ocain v. Haggerty*, No. 1:09-CV-2427-CAP, 2013 WL 12340839, at *1 (N.D. Ga. Apr. 11, 2013) (denying defendants' motion for attorneys' fees, costs, and expenses pursuant to Rule 68(d) because "the offeree (here the plaintiff) did not obtain a judgment less favorable than the offer," it was "[t]he defendants [who] obtained the judgment").

In sum, Total Renal has not shown entitlement to non-taxable costs. Accordingly, the Undersigned respectfully **recommends** that the District Court **deny** Total Renal's request for non-taxable costs.

## III.   CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Total Renal's motions as follows:

1.   Total Renal's renewed fees motion [ECF No. 159] should be **denied as moot** because it was superseded by the modified fees motion [ECF No. 160];

2.   Total Renal's modified fees motion [ECF No. 160] should be **granted in part and denied in part**. The motion should be **granted** with respect to Total Renal's entitlement to attorneys' fees at the trial level and **denied** as to Total Renal's request for non-taxable costs. Total Renal should be permitted to file a renewed motion addressing the amount of costs to be awarded for work performed at the trial level. Any renewed fees motion should be supported by the appropriate documentation (including revised timesheets and a declaration), should not include time entries already submitted as part

33

of the appellate fees request, and be in compliance with Local Rule 7.3;

3.      Total Renal's request for appellate attorneys' fees [ECF No. 164] should be **granted in part and denied in part**. The Court should award Total Renal **$20,239.60** ($5,059.90 less than the amount requested) in reasonable appellate attorneys' fees.

## IV.   OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on January 10, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to</u>:**

The Honorable Marcia G. Cooke

All Counsel of Record